IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-00403-TUC-CKJ (HCE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| PABLO RODRIGUEZ, | ) | |
| Defendant. | ) | |
| | ) | |

On July 24, 2008 this matter came on for hearing on Defendant's Motion to Preclude Use of Material Witness Depositions. (Doc. No. 102). For the following reasons, the Magistrate Judge recommends that the District Court deny Defendant's Motion.

I. CHARGES

Defendant Pablo Rodriguez, one of four defendants,[1] is charged in eleven counts of a seventeen count indictment with knowingly and intentionally Conspiring to Commit Hostage Taking (Count 1) in violation of 18 U.S.C. §371 and 18 U.S.C. § 1203(a); four counts of hostage taking (Counts 2 to 5) in violation of 18 U.S.C. §1203(a); Being an Illegal Alien and Knowingly Possessing a Firearm and Ammunition (Count 9) in violation of 18 U.S.C. §§922(g)(5)(A) and 924(a)(2); knowingly and intentionally Conspiring to Transport Illegal

_____

[1] Co-Defendants are Javier Cota-Palafox represented by Mr. Thomas Jacobs; Felipe Torres-Beltran represented by Mr. Edward Laber; and Said Contreras-Corral represented by Mr. Arthur Hutton.

1  Aliens For Profit (Count 13) in violation of 8 U.S.C. §§1324(a)(1)(A)(ii), 1324(a)(1)(B)(iii),

2  and 1324(a)(1)(B)(i); Transportation of Illegal Aliens For Profit (Counts 14 to 17) in

3  violation of 8 U.S.C. §§1324(a)(1)(A)(ii), 1324(a)(1)(B)(iii), and 1324(a)(1)(B)(1).  (Doc.

4  No. 12).

5  II.  PROCEDURAL HISTORY

6     Defendant Pablo Rodriguez was arrested on January 25, 2006 and on January 26, 2006

7  Defendant appeared before Magistrate Judge Charles R. Pyle for an initial appearance.  A

8  detention hearing was held on January 30,2006 at which time Defendant was ordered held

9  by the undersigned Magistrate Judge.  (Doc. No. 4).  On January 30, 2006, the Government

10  filed a Notice of Hearing of deposition of four material witnesses (hereinafter "4MWs")

11  advising Defendant that such deposition was scheduled for February 17, 2006 at 8:30 a.m.

12  and February 21, 2006 at 8:30 a.m. (Doc. No. 5).  Due to a number of defense motions to

13  continue, the material witness depositions took place on May 9, 12, and 18, 2006.  (*See*

14  Defendant's Reply, Ex. 2 (Doc. No. 119)) Thereafter, on May 18, 2006, the Government

15  moved for release of the 4MWs in light of the fact that their videotape deposition had been

16  completed. (Doc. No. 37) Counsel for Defendant, Torres-Beltran, and Contreras–Corral did

17  not object to release of the material witnesses.  Co-counsel Mr. Jacobs on behalf of Co-

18  Defendant Cota-Palafox objected to release of one of the four material witnesses. (Id.)  The

19  undersigned Magistrate Judge ordered release of all 4MWs.  (Id.)  On appeal, the District

20  Court sustained the objection.  (TR. 44) The material witness who was the subject of the

21  appeal was deposed again on June 2, 2006 and, thereafter, was released.  (Id.)

22     Defendant received full and complete disclosure from the Government prior to the

23  depositions.  No additional disclosure was received by Defendant from the Government after

24  the depositions were held.  The 4MWs were sworn in by a Deputy Clerk of Court.  Direct

25  and cross-examination of the 4MWs by Government counsel and Defendant's counsel

26  respectively was conducted and videotaped.  Once all depositions were completed, counsel

27  for Defendant, on Defendant's behalf, stipulated to the release of the 4MWs.  No objection

28  to their release was interposed.  Investigation conducted by Defendant herein subsequent to

1    the release of the 4MWs produced no new information that would be helpful to Defendant

2    for cross-examination or impeachment of the 4MWs at a trial.

3    III.  DISCUSSION

4        A.  Rules of Deposition

5        Defendant argues that the manner in which the depositions were taken failed to comply

6    with applicable procedural rules.  Rule 15 of the Federal Rules of Criminal Procedure

7    governs the manner of taking depositions in criminal actions.  Rule 15(e) provides in

8    pertinent part: "Unless these rules or a court order provides otherwise, a deposition must be

9    taken and filed in the same manner as a deposition in a civil action...." Fed.R.Cr.P. 15(e).

10       Rule 30 of the Federal Rules of Civil Procedure, in turn, governs the taking of depositions

11   in civil actions.  The Government herein complied with the pertinent provisions of Rule 30

12   of the Federal Rules of Civil Procedure.  The Government complied with the requirements

13   of Rule 30(b)(5) of the Federal Rules of Civil Procedure in the administration of the

14   depositions.[2]  Further, the record reflects that Rule 30(c) of the Federal Rules of Civil

15   Procedure were complied with during the depositions.[3]  Moreover, the dictates of Rule 30(f)

16   of the Federal Rules of Civil Procedure were met as well.[4]

17       The requirements for the deposition of material witnesses have been met.  If it appears *by*

18   *affidavit* that the testimony of a person is material in a criminal proceeding and if it is shown

19   that it may become impractical to secure that person's presence by subpoena that material

20

21       [2] Rule 30(b)(5) requires depositions be taken before an officer appointed or designated

22   under Rule 28, Federal Rules of Civil Procedure, *i.e.* a person authorized to administer oaths,
     and the deposition is to begin with a statement on the record by that officer that includes his

23   or her name and business address; the date, time and place of the deposition; the name of the

24   deponent; the administration of the oath; and an identification of all persons present.

25       [3] Rule 30(c) requires the officer administering the oath to personally record the

26   deponent's testimony or direct another to do so in that officer's presence.

27       [4] Rule 30(f) requires the officer administering the oath to certify that such was done;
     that the deposition is an accurate record of the deponent's testimony; and to then seal the

28   deposition in an envelope or package endorsed with the title of the action.

witness may be detained until his or her deposition is taken.  18 U.S.C. §3144.  On January

26, 2006, the Government filed an Affidavit for Detention of Material Witnesses wherein it

was stated that:

> ...
> 4.  The above witness(es) is/are citizens and residents of Mexico who entered the United States illegally and who would return to Mexico to reside if released in the proceeding.
> 5.  Because of the above, the witness(es) presence in further proceedings in the within [sic] matter could not be required by subpoena of the court system of the United States, and securing such presence by subpoena would become impracticable....

(Doc. No. 3).   The Government thus placed Defendant on notice that the 4MWs would

become unavailable and be beyond jurisdiction of the court for service of process once they

were returned to their country of origin.  Consequently, Defendant received full and complete

disclosure prior to the 4MWs being deposed on videotape; the 4MWs were deposed on

videotape pursuant to *General Order No. 05-34(4)* (D. Ariz. Nov. 8, 2005); the 4MWs were

made available for cross-examination, *see* 8 U.S.C. §1324(d); and the scope and manner of

deposition examination and cross-examination was the same as would be allowed during

trial.  Fed.R.Cr.P. 15(e)(2).

## B.  Objections Interposed

Defendant's objections are untimely and have been waived.  A defendant has three

opportunities to object to matters related to the taking of material witness depositions: (1) a

party objecting to deposition testimony or evidence must state the grounds for the objections

during the depositions, Fed.R.Cr.P. 15(g); (2) a Magistrate Judge shall stand by and be

available during the depositions to rule on matters that are impractical to reserve for the trial

judge, *General Order No. 05-34(5)*; and (3) following the deposition, defense counsel *ex

parte* by an affidavit submitted *in camera* or an *in camera* hearing may make a showing that

further detention of the material witnesses is necessary to prevent a failure of justice.  *Id.*  at

(6).  Defendant has not proffered anything indicating he was precluded or prevented from

availing himself of the aforesaid and has waived any arguments advanced herein.  *See United

States v. Santos-Pinon*, 146 F.3d 734, 736-737 (9th Cir. 1998) ("Allowing [the defendant] to

1    preserve his objection to the release of the witnesses until after they are released would place

2    the government in the impossible position of being faced with an objection once it is too late

3    to take any necessary corrective action.").

4        C.  Hearsay

5        Defendant next maintains that even if the manner in which the depositions were taken was

6    proper, the Government cannot meet the hearsay exception of unavailability to the hearsay

7    rule which would otherwise permit the introduction of the depositions.  Rule 804 of the

8    Federal Rules of Evidence states in pertinent part:

9            "Unavailability as a witness" includes situations in which the
             declarant-
10           ...
             (5) is absent from the hearing and the proponent of a statement
11           has been unable to procure the declarant's attendance...by
             process or other reasonable means.
12

13   Fed.R.Evid.804(a)(5).

14       The Sixth Amendment Confrontation Clause restricts the range of admissible hearsay

15   sought to be introduced at criminal trials: "[t]estimonial statements of witnesses absent from

16   trial have been admitted only where the declarant is unavailable, and only where the

17   defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S.

18   36, 59 (2004) (footnote omitted).  Defendant relies on *United States v. Yida*, 498 F.3d 945

19   (9th Cir. 2007), for the proposition that confrontation under the Sixth Amendment, in this

20   instance, requires the live testimony of the 4MWs.  In *Yida* one of the government's

21   witnesses testified at trial and was subject to cross-examination by defendant.  The jury was

22   unable to arrive at a unanimous verdict and the district court declared a mistrial.  Thereafter,

23   the government permitted the witness's deportation.  The government, unable to enlist the

24   witness's cooperation to return for the defendant's retrial, moved in limine seeking to

25   introduce the witness's first trial testimony by reading into the record a transcript of that

26   witness's testimony from the first trial.  The district court denied the government's request

27   and, on the government's expedited appeal, the Ninth Circuit Court of Appeals affirmed.

28   The *Yida* court observed:

> Transcripts of a witness's prior testimony, even when subject to prior cross-examination, do not offer any such advantage [of giving the trier of fact the opportunity to observe the demeanor of the witness testifying] because "all persons must appear alike, when their [testimony] is reduced to writing."

*Yida*, 498 F.3d at 950.  The *Yida* court ultimately held that the government's decision to deport the witness *without taking a video deposition*, without informing the court or defense counsel about the deportation, and without a means to compel the witness's return was unreasonable.   *Id.* at 960.  Herein, Defendant was provided with complete disclosure, a robust opportunity to cross-examine 4MWs at a videotaped deposition, and an opportunity to oppose their deportation to their country of origin where the subpoena power of the government is non-existent.

### D.  Witness Unavailability

Counsel for the 4MWs, Ms. Micaela Portillo, informed the Government that she does not have current contact information for any one of the 4MWs and therefore they are unavailable. Any attempt to find them would be futile.  Material witnesses are "unavailable" for purposes of the Sixth Amendment Confrontation Clause if the Government has made a good faith effort to obtain their presence at trial.  *See Barber v. Page*, 390 U.S. 719, 724-725 (1968). " Good faith" does not require the doing of a futile act.  *Ohio v. Roberts*, 448 U.S. 56, 74 (1980), *abrogated on other grounds by Crawford*, 541 U.S. 36.  Nor does "the law...require the government to utilize an absolute means of attempting to assure the appearance of a witness, only a reasonable means." *Aguilar-Ayala v. Ruiz,* 973 F.2d 411, 418 (5th Cir. 1992); *see also Santos-Pinon*, 146 F.3d at 736 ("The lengths to which the prosecution must go to produce a witness...is a question of reasonableness.").  At the depositions, the Government asked that material witnesses provide their counsel with contact information.[5]

---

[5] Even though Defendant may have had contact information regarding the 4MWs such that Defendant could have potentially subpoenaed them, Rule 804(a)(5) places the duty on the proponent of the hearsay statement, in this case the Government, to attempt to secure the attendance of the person making the statement. *United States v. Vasquez-Ramirez*, 629 F.2d 1295, 1297 (9th Cir. 1980).

1    Defendant made no showing to a Magistrate Judge that release of the material witnesses

2    would result in a failure of justice. *General Order No. 05-34(6).* Furthermore, the subpoena

3    power of this Court does not extend to sovereign nations and thus it would be a futile act to

4    attempt to serve process. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1088 (9th Cir.

5    2000); *United States v. Olafson*, 203 F.3d 560, 566 (9th Cir.) *amended* by 213 F.3d 435 (9th

6    Cir. 2000) (material witnesses were beyond the subpoena power of the court and failed to

7    respond to efforts to persuade them to return to the United States to testify). The Government

8    herein used reasonable means to obtain the attendance of the 4MWs and the fact such means

9    were unsuccessful does not mean they were not made in good faith.

10    Former Rule 804(b)(5), now Rule 807, Federal Rules of Evidence states:

11    A statement not specifically covered by rule...804 but having
       equivalent circumstantial guarantees of trustworthiness, is not
12    excluded by the hearsay rule, if the court determines that (A) the
       statement is offered as evidence of a material fact; (B) the
13    statement is more probative on the point for which it is offered
       than any other evidence which the proponent can procure
14    through reasonable efforts; and (C) the general purposes of these
       rules and the interests of justice will be best served by admission
15    of the statement into evidence....

16    807 Fed.R.Evid.  Herein: (1) Defendant was provided with full and complete disclosure prior

17    to the depositions; (2) defense counsel was afforded three and one-half months to prepare for

18    the depositions; (3) Defendant, through counsel, conducted cross-examination as would be

19    allowed at trial, *See Crawford,* 541 U.S. 36; (4) the 4MWs gave statements under oath under

20    the possible penalty for perjury; (5) objections were interposed and the opportunity to present

21    legal issues to a Magistrate Judge was afforded; (6) the 4MWs were videotaped affording a

22    trial jury the opportunity to observe their demeanor and thus assess their credibility; and (7)

23    Defendant was aware that the 4MWs were to be deported after their depositions concluded

24    and stipulated, together with other Co-Defendants and their counsel, to their release.  No

25    failure of justice was shown after depositions were concluded.

26    E.  Bad Faith and Prejudice

27    Defendant does not maintain that additional disclosure was received from the Government

28    after depositions were concluded which could have been utilized then or which could be

- 7 -

1   utilized now at trial.  Nor does Defendant maintain that investigation conducted after
2   depositions were concluded resulted in information that could be utilized for cross-
3   examination and impeachment at a trial.  Rather, Defendant asserts that his trial jury could
4   best observe and assess the 4MWs' demeanor and credibility by their physical presence and
5   testimony which might possibly be exculpatory if there were inconsistencies with prior
6   statements and testimony.

7       A two-pronged test of bad faith and prejudice is applied when it is claimed that the
8   Government has lost potentially exculpatory evidence.  *See United States v. Valenzuela-*
9   *Bernal,* 458 U.S. 858, 866-67 (1982) (applying this two-pronged test and rejecting the
10  "conceivable benefit" test).  However, it is Defendant's burden to show the Government has
11  acted in bad faith and that this conduct resulted in prejudice to Defendant's case.  *Arizona v.*
12  *Johnson,* 351 F.3d 988, 1000 (9th Cir. 2003), *cert. denied,* 534 U.S. 836 (2004);  *see also*
13  *Valenzuela-Bernal*, 458 U.S. at 872-73 ('[t]he mere fact that the Government deports such
14  witnesses is not sufficient to establish a violation of the Compulsory Process Clause of the
15  Sixth Amendment or the Due Process Clause of the Fifth Amendment.  A violation of these
16  provisions requires some showing that the evidence lost would be both material and
17  favorable to the defense.") There is no showing that the Government herein departed from
18  its usual procedures or purposely deported the 4MWs to gain an unfair advantage at trial.
19  *See United States v. Dring,* 930 F.2d 687, 695 (9th Cir. 1991).  Absent a showing of such bad
20  faith, the Government's deportation of the 4MWs did not result in prejudice to Defendant's
21  case.  *Johnson*, 351 F.3d at 1000. Moreover, the procedure followed in this case was in
22  conformity with the common practice for deposing material witnesses pursuant to 18 U.S.C.
23  § 3144, 8 U.S.C. § 1324(d), Fed.R.Cr.P. 15, and *General Order No.* 05-34.  *See Torres-Ruiz*
24  *v. U.S. District Court for the S.D. of Cal.,* 120 F.3d 933, 935-36 (9th Cir. 1997).

25      Any conceivable exculpatory value in requiring the 4MWs to be physically present to
26  testify before Defendant's trial jury is cumulative and *de minimis* given that their videotaped
27  testimony speaks to their demeanor.  "[T]he mission of the Confrontation Clause is to
28  advance a practical concern for the accuracy of the truth-determining process in criminal

1    trials by assuring that 'the trier of fact (has) a satisfactory basis for evaluating the truth of the

2    prior statement.'" *Dutton v. Evans,* 400 U.S. 74, 89 (1970) (*quoting California v. Green*, 399

3    U.S. 149, 161 (1970)).  Herein, the videotape deposition may not be a perfect substitute for

4    live testimony given at trial:

5              [b]ut confrontation does not require perfect presentation and
               availability of demeanor evidence to the trier of fact; the loss of
6              some demeanor evidence that would have been relevant to
               resolving questions of credibility does not violate confrontation
7              rights.

8    *United States v. King,* 552 F.2d 833, 841 (9th Cir. 1976) (accepting videotape testimony under

9    statute that was later repealed as granting duplicative authority) (*citing Green,* 399 U.S. at

10   160).

11   **IV.    RECOMMENDATION**

12       For the foregoing reasons, the Magistrate Judge recommends that the District Court deny

13   Defendant's Motion in Limine to Preclude Material Witness Depositions (Doc. No. 102).

14       Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure,

15   any party may serve and file written objections within ten days after being served with a copy

16   of this Report and Recommendation.  If objections are filed, the parties should use the

17   following case number: **CR 06-403-TUC-CKJ**.

18       Failure to file objections in accordance with Fed.R.Cr.P. 59 will result in waiver of the

19   right to review.

20       DATED this 1st day of August, 2008.

21

22

23   _____
                    Héctor C. Estrada
24            United States Magistrate Judge

25

26

27

28