IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Pablo Rodriguez,<br><br>    Defendant. | CR 06-403-TUC-CKJ (HCE)<br><br>**REPORT AND RECOMMENDATION** |

Defendant's Motion To Sever Defendants From Joint Trial and For Relief From Prejudicial Joinder (Doc. No. 96) came on for hearing on July 24, 2008.

For the reasons stated herein, the Magistrate Judge recommends that the District Court deny Defendant's Motion as moot.

I.  CHARGES

Defendant Pablo Rodriguez, one of four defendants,[1] is charged in eleven counts of a seventeen count indictment with knowingly and intentionally Conspiring to Commit Hostage Taking (Count 1) in violation of 18 U.S.C. §371 and 18 U.S.C. § 1203(a); four counts of Hostage Taking (Counts 2 to 5) in violation of 18 U.S.C. §1203(a); Being An

---

[1] Co-Defendants are Javier Cota-Palafox, Felipe Torres-Beltran, and Said Contreras-Corral.

1 Illegal Alien and Knowingly Possessing a Firearm and Ammunition (Count 9) in violation
2 of 18 U.S.C. §§922(g)(5)(A) and 924(a)(2); knowingly and intentionally Conspiring to
3 Transport Illegal Aliens For Profit (Count 13) in violation of 8 U.S.C. §§1324(a)(1)(A)(ii),
4 1324(a)(1)(B)(iii), and 1324(a)(1)(B)(i); Transportation of Illegal Aliens For Profit (Counts
5 14 to 17) in violation of 8 U.S.C. §§1324(a)(1)(A)(ii), 1324(a)(1)(B)(iii), and
6 1324(a)(1)(B)(i). (Doc. No. 12).

## II.    FACTS

Defendant along with all Co-Defendants were arrested on January 25, 2006 on westbound Interstate 10 near Picacho, Arizona. Defendant, as a driver in a brown Malibu registered to him, and Said Contreras-Corral as a front-seat passenger, were allegedly transporting seven illegal aliens. Defendant Torres-Beltran, as a driver of an Isuzu Trooper, and Javier Cota-Palafox, as a front-seat passenger, were allegedly transporting other illegal aliens.

After arrest, Co-Defendants Cota-Palafox, Torres-Beltran, and Contreras-Corral made statements implicating Defendant and those statements along with other evidence formed the basis for the indicted charges.

## III.    PROCEDURAL HISTORY

All Co-Defendants have pled guilty and are presently pending sentencing before the District Court.

## IV.    DISCUSSION

The introduction of a non-testifying Co-Defendant's out-of-court confession at a joint trial would violate Defendant's Sixth Amendment right to cross-examine witnesses. *Bruton v. United States,* 391 U.S. 123, 137 (1968). Since all Co-Defendants in the instant case have pled guilty and are presently pending sentencing before the District Court, Defendant will be accorded his Sixth Amendment right to cross-examine any Co-Defendant called to testify at Defendant's trial. *Id.* at 136 ("The unreliability of such evidence is intolerably compounded when the alleged accomplice,..., does not testify and cannot be tested by cross-

examination. It was against such threats to a fair trial that the Confrontation Clause was directed.")

## V.     CONCLUSION

For the above stated reasons, Defendant's Motion To Sever Defendants From Joint Trial and For Relief From Prejudicial Joinder is rendered moot.

## VI.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Defendant's Motion To Sever Defendants From Joint Trial and For Relief From Prejudicial Joinder (Doc. No. 96) as moot.

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 06-403-TUC-CKJ**.

Failure to file objections in accordance with Fed.R.Cr.P. 59 will result in waiver of the right to review.

DATED this 14th day of August, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge